Honorable Richard Handorf District Attorney pro tem for Anderson, Henderson and Houston Counties Palestine, Texas 75801
Re: Whether the salary of the county auditor may be raised before the beginning of the fiscal year.
Dear Mr. Handorf:
You have requested our opinion as to whether the salary of the county auditor of Henderson County may be increased prior to the beginning of the next fiscal year.
Article 1645, V.T.C.S., applicable to Henderson County, provides:
 In any county having a population of 35,000 inhabitants or over according to the last preceding Federal Census, or having a tax valuation of $15,000,000 or over according to the last approved tax rolls, there shall be appointed every two years an auditor of accounts and finances, the title of said office to be County Auditor, who shall hold his office for two years and who shall receive as compensation for his services an annual salary from the County General Fund of not more than the amount allowed or paid the Assessor-Collector of Texes in his county, such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county, a majority ruling, said annual salary to be paid monthly out of the General Fund of the county. The action of the District Judge or District Judges in determining and fixing the salary of the County Auditor shall be made by order and recorded in the minutes of the District Court of the county and the Clerk thereof shall certify the same for observance to the Commissioners Court which shall cause the same to be recorded in its minutes.
In Attorney General Opinion V-1220 (1951), this office held that the salary of a county auditor could not be altered until the beginning of the following fiscal year. The conclusion was based, however, upon the following language of article 1645:
 [A]fter the salary of the County Auditor has been fixed by the District Judge or District Judges, no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county.
In 1955, this provision was removed from article 1645. Acts 1955, 54th Leg., ch. 414, § 1, at 1117. As the statute now reads, the auditor's salary is `to be fixed and determined by the District Judge or District Judges,' with no restrictions placed on that determination, except that the auditor's salary may not exceed that of the county tax assessor-collector.
It is thus apparent that the intent of the Legislature was that article 1645 not preclude the district judges of Henderson County from increasing the salary of the auditor at any time, up to the amount of compensation then being paid to the tax assessor-collector. In our opinion, therefore, the salary of the county auditor of Henderson County may be increased prior to the beginning of the next fiscal year to any amount not exceeding the present salary of the tax assessor-collector of Henderson County.
 SUMMARY
The salary of the county auditor of Henderson County may be increased at any time, so long as it does not exceed the salary of the tax assessor-collector of Henderson County.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee